# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
July 9, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KRISTIE E. SHRADER,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1073**  (BOR Appeal No. 2049475)
(Claim No. 2013008852)

**PAR-MAR OIL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kristie E. Shrader, by Robert Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Par-Mar Oil Company, by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 25, 2014, in which the Board affirmed a May 21, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 12, 2013, decision denying Ms. Shrader's request for authorization of temporary total disability benefits from June 12, 2013, through August 17, 2013. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Shrader injured her lower back on September 19, 2012, while stocking merchandise in the course of her employment as a manager at a convenience store. On October 3, 2012, the claims administrator held the claim compensable for a lumbar sprain/strain. On October 31, 2012, the claims administrator granted Ms. Shrader temporary total disability benefits from September 20, 2012, through September 23, 2012. Additionally, Ms. Shrader later testified in a deposition that she received additional temporary total disability benefits from October 4, 2012,

1

through October 18, 2012. Further, Ms. Shrader testified that she returned to work at light duty on October 19, 2012, and continued working until her employment was terminated by Par-Mar Oil Company on June 11, 2013, for employee misconduct.

Joseph Grady II, M.D., performed an independent medical evaluation on May 13, 2013. He opined that although he does not believe any additional treatment is needed for the compensable lumbar sprain, Ms. Shrader has not yet reached maximum medical improvement because she is continuing to pursue treatment for ongoing pain arising from the sacroiliac region. On June 12, 2013, Ms. Shrader was treated by Josh Baker, PA-C, supervised by Timothy Peasak, D.O. She reported experiencing ongoing back pain and further stated that her employment was terminated the previous day. She also requested that a letter be written to the claims administrator on her behalf requesting assistance until she obtains new employment.

Ms. Shrader was again treated by Mr. Baker and Dr. Peasak on July 2, 2013. It was noted that she was scheduled to receive a transforaminal epidural steroid injection in the lumbar spine on July 12, 2013. Ms. Shrader stated that she has been unable to obtain new employment following the termination of her employment with Par-Mar Oil Company, and she requested a letter listing the dates on which she could be medically excused from reporting to work if she were gainfully employed. Mr. Baker provided her with a letter stating that she should be excused from any obligation to report to work from June 12, 2013, through July 13, 2013. On July 23, 2013, Ms. Shrader was once again treated by Mr. Baker and Dr. Peasak. She stated that the epidural lumbar spine injection greatly improved her symptoms but reported experiencing renewed lumbar spine pain after injuring herself while mowing her lawn. Mr. Baker provided a new letter indicating that she should be excused from any obligation to report to work from June 12, 2013, through August 17, 2013.

On August 12, 2013, the claims administrator denied authorization of Ms. Shrader's request for temporary total disability benefits from June 12, 2013, through August 17, 2013, based upon a finding that Ms. Shrader's employment had been terminated for reasons unrelated to the compensable injury as of the requested onset date for temporary total disability benefits. In its Order affirming the August 12, 2013, claims administrator's decision, the Office of Judges determined that Ms. Shrader has failed to demonstrate that she was unable to return to work as a result of her compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 25, 2014. On appeal, Ms. Shrader asserts that the evidence of record demonstrates that she is entitled to temporary total disability benefits from June 12, 2013, through August 17, 2013.

West Virginia Code § 23-4-7a (2014) states that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. The evidence of record demonstrates that immediately following the compensable injury, Ms. Shrader initially received temporary total disability benefits. However, the record also clearly demonstrates that as of October 19, 2012, she was released to return to work at light duty and actually returned to work in that capacity until her employment was terminated on June 11, 2013, after which time she requested additional temporary total disability benefits. Therefore, pursuant to the provisions of West

2

Virginia Code § 23-4-7a, Ms. Shrader's eligibility for temporary total disability benefits in relation to the compensable injury ended on October 19, 2012, because she was not only released to return to work on that date but actually returned to work on October 19, 2012.

Finally, it is important to note that although the Office of Judges declined to discuss Ms. Shrader's eligibility for temporary total disability benefits following the termination of her employment for employee misconduct, West Virginia Code §§ 23-4-6(b) and 23-4-6d(b) (2014) provides that temporary total disability benefits represent the replacement of lost wages arising from a compensable injury. Because Ms. Shrader's employment was terminated for employee misconduct one day prior to the requested onset date for temporary total disability benefits, she is also not entitled to temporary total disability benefits pursuant to West Virginia Code §§ 23-4-6(b) and 23-4-6d(b).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum